## McAllister, Appellant, *v*. McGibbeny.

*Contract — Mortgage — Mechanics' liens — Deed — Trusts and trustees.*

Where a mortgagee in a mortgage covering several houses in a building operation with priority over mechanic's lien claimants, by writing, extends the time of payment of his mortgage for two years, and the owner at the same time conveys the property to a trustee for the mechanic's lien claimants who execute waivers and releases of their rights to file liens, and subsequently such trustee with full authority from his principals executes a writing by which he agrees after the payment of certain interest, taxes, repairs and expenses, out of rents, to pay the mortgagee on account of interest on his mortgage, such writing does not create a trust relation between the parties to it, but merely gives to the mortgagee a preference over the mechanic's lien claimants to the extent of the interest on his mortgage.

Argued May 13, 1915. Appeal, No. 170, April T., 1915, by plaintiff, from decree of C. P. Allegheny Co., April T., 1911, No. 654, on bill in equity in case of J. J. McAllister v. Roy McGibbeny, et al. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an accounting.

MACFARLANE, J., filed the following opinion:

### FINDINGS OF FACT.

First. In 1907 J. H. Fetterman owned certain real estate in this county encumbered by a mortgage for $16,-000 to the Castle Shannon Savings and Trust Company, the plaintiff being surety on the bond, a second mortgage to the plaintiff for $6,000, both due and payable, and a number of mechanics' claims, not yet filed of record. An adjustment was made by all of the creditors, except one, and out of the agreements plaintiff claims a right to an account.

Second. The defendants, A. G. Breitweiser Company, George H. Soffel Company, Houston Brothers, William Murray, Jr., Joseph Woodwell Company, Adam J. Barthell, Johnson Brothers and Keystone Sand and Supply Company, mechanics claimants, on December 16, 1907, by writing constituted A. G. Breitweiser and Jacob Soffel their attorneys in fact with power to execute releases of liens and to enter into contracts with the Castle Shannon Savings and Trust Company, J. J. McAllister and J. H. Fetterman, "and to do such other things relating to the collection or securing of their respective claims as may be necessary."

Third. The creditors were desirous of avoiding a sheriff's sale of the property, and after conferences the Castle Shannon Company and McAllister extended the time of payment of their mortgages for two years. Fetterman conveyed the property to Roy McGibbeny, representing the mechanics claimants, and the claimants, except the East End Mantel and Tile Company, which did not become a party to the arrangement, executed waivers and releases of their right to file liens.

[Fourth. The terms under which McGibbeny took title and the obligations of the parties were all expressed

in writings and there was no oral agreement.]    (Sixth Assignment of Error.)

Fifth. McGibbeny gave Fetterman a declaration that he took title to collect the rent and to apply them to the payment of taxes, insurance, repairs and interest on the two mortgages or at his option to apply such part as he may deem proper to any mechanics' liens reduced to judgment, with the right to sell the property, with a right in Fetterman to redeem the property within a year, and on the same day, January 29, 1908, being the day on which McAllister extended his mortgage, McGibbeny, by direction of Breitweiser and Soffel acting for the mechanics claimants, gave McAllister the following writing:

"Whereas you have on record waived or extended time of payment of principal interest on $6,000 mortgage of J. H. Fetterman to you, covering 38th ward property, now, I, the said Roy McGibbeny agree, that as soon as I have the money arising from the rents of the property after payment of interest to the Castle Shannon Trust Company, taxes, repairs, and expenses, I will, on my part waive the provision in your mortgage extending time of payment of interest and will pay on account from time to time as I have the money."

[This was the consideration for the extension by McAllister.]    (Seventh Assignment of Error.)

Sixth. McGibbeny took no further part in carrying out the agreement but the whole matter was with his consent placed by Breitweiser and Soffel as agents for the mechanics claimants in the hands of W. H. Lemon, Esq., an attorney-at-law, who received the rents and applied and distributed them, as is hereafter stated.

Seventh. The East End Mantel and Tile Company, one of the lien claimants filed its lien and McAllister, the Breitweiser Company, Soffel Company, Murray and Houston Brothers Company executed Exhibit No. 5, dated January 1, 1908, being an agreement between them and Breitweiser and Soffel, trustees, reciting McAllis-

ter's .mortgage and that the other parties of the first part held notes of Fetterman secured by a·mortgage to the trustees and stipulating.that if the East·End Mantel and Tile Company·secured final judgment·the first parties would pay their proportional part of the same. Later, demand was made upon ·McAllister for payment of his share which was refused.   There is no evidence that demand was made upon the others nor that they were willing to make payment.]    (Eighth Assignment of Error.)

Eighth.  Rents in the sum of $5,068 were received from the property and after·the payment of repairs and commissions a balance of $4,145.04 was in the hands of Mr. Lemon, which after the payment of interest on its mortgage to the Castle Shannon Trust Company was, after the sheriff's sale later mentioned, distributed among.the creditors defendants except a sum sufficient to pay·the interest on McAllister's mortgage.

Ninth.  No taxes or city assessments were paid and for this failure the Castle Shannon Trust Company issued a scire facias on its mortgage and obtained judgment which was assigned to R. B. Mellon representing McAllister, execution issued and at sheriff's sale the property sold to Mellon for McAllister for $22,000, distributed: $17,365, with sum interest, in·credit on the mortgage; $2,485.15 municipal liens and taxes; and $1,-870.50 on account of McAllister's mortgage.

### CONCLUSIONS OF LAW.·

[First. McGibbeny was not trustee for McAllister, and the .agreement, stated in finding fifth, is only that, when·the rents were sufficient, after the payment of the Castle Shannon Company's interest, taxes, repairs and expenses, McGibbeny would pay McAllister on account of interest on his mortgage.   This was, in effect, giving .him .preference over the mechanics claimants .to that extent.   There are no other damages.]    Seventeenth Assignment of Error.)

Second. There is no jurisdiction on the ground of a trust or of an accounting. The plaintiff has a definite claim and the defense would be insufficient funds, or plaintiff could recover. Want of jurisdiction is raised in all of the answers, except that of Barthell, but, as there is no right of action against him or the other individual defendants who were creditors, this exception is unimportant. The question was raised at the close of the plaintiff's case by motion to dismiss, so that defendants have not submitted to the jurisdiction under the Act of 1907. The bill stated a case in equity and a demurrer would not prevail, but the case developed into one not cognizable in equity.

[Third. The bill should be dismissed as to A. G. Breitweiser, George W. Soffel Company, Houston Brothers Company, William Murray, Jr., Joseph Woodwell Company, Johnson Brothers and Keystone Sand and Supply Company on the merits and for want of jurisdiction, as to Adam J. Barthell on the merits, and as to the other defendants for want of jurisdiction, all at the costs of the plaintiff.]   (First Assignment of Error.)

On exceptions to account MACFARLANE, J., filed the following opinion:

The plaintiff claims that McGibbeny, under the agreement found in paragraph fifth, is liable to pay the interest on plaintiff's mortgage to the time of sheriff's sale on December 11, 1909, viz.: $872, the taxes on the property which he allowed to be in default and which were paid by plaintiff when he purchased the property at sheriff's sale, and the costs of the sheriff's sale. McGibbeny collected $4,694.94 and he paid interest on the Castle Shannon mortgage, repairs and $125 counsel fee and $5 for appraisement, a total of $2,200.68, which is a proper credit. [Out of the balance of $2,494.26 the interest on McAllister's mortgage should have been paid, and plaintiff is entitled to a decree against McGibbeny, Soffel and Breitweiser for the payment of the sum of $872.

McGibbeny's agreement with McAllister did not make

582, (1915).]  Opinion of Court below—Opinion of the Court.

him liable for anything more.  He took the legal title to the real estate subject to the two mortgages.  The trust company and McAllister extended the time of payment for two years.  McGibbeny promised to pay McAllister's interest as soon as he had the money arising from the rents, the interest on the trust company mortgage, taxes, repairs and expenses to have priority.  McGibbeny did not hold the title for McAllister, he was not his trustee, and the only personal obligation he assumed was that if he had the money he would waive McAllister's extension of time of payment of interest and would pay it.] (Twenty-fifth Assignment of Error.)

McGibbeny answered and we find that prior to the filing of the bill he had reserved a sufficient amount to pay McAllister's interest.  McAllister had demanded his interest and had made no other demand before McGibbeny made distribution.

While we hold that McGibbeny's obligation to pay the taxes was not to McAllister, his failure to do so, with a consequent addition to the purchase-money at the sheriff's sale justifies the imposition of costs.

Our conclusions are, first, the second exception should be sustained in part, otherwise it and the third exception should be dismissed; second, a decree should be made that McGibbeny, Soffel and Breitweiser pay to the plaintiff the sum of $872; and, third, that they should pay the costs.

*Errors assigned* were the decree of the court and the above findings.

*George R. Wallace,* for appellant.

*W. H. Lemon,* for appellees.

OPINION BY HENDERSON, J., July 21, 1915:

The court found that the terms under which McGibbeny took title to the real estate and the obligations be-

tween him and the plaintiff were all expressed in writing and that there was no oral agreement. The appellant has not satisfied us that there was any mistake in this finding, nor in the conclusion of law that McGibbeny was not a trustee for the plaintiff. The paper executed January 29, 1908, by McGibbeny and delivered to McAllister did not create a relationship of trust. It was a promise to the plaintiff to perform according to the conditions therein expressed and for the plaintiff's benefit but made in behalf of other persons, creditors of Fetterman for whom McGibbeny was trustee. The agreement referred to gave the plaintiff a preference over the mechanics' lien creditors in the matter of the payment of interest on the plaintiff's mortgage, but the security for his debt was not in the McGibbeny agreement but in the recorded mortgage which had a priority over the mechanics' liens. The liability of McGibbeny, Soffel and Breitweiser as determined by the adjudication of the trial judge arose out of the fact that the two latter acting for McGibbeny received a considerable sum for rent of the premises which was payable to the latter under McGibbeny's agreement with the plaintiff. They were held chargeable therefore because they had funds in their possession which were applicable to the plaintiff's mortgage under that agreement. The appellees are not raising the question as to the jurisdiction of the court under the bill to enter the decree against McGibbeny, Soffel and Breitweiser, and that question need not be considered. Nothing presented in the evidence or the argument of the learned counsel for the appellant convinces us that the court was in error in ascertaining the amount with which the appellees should be charged.

The decree is therefore affirmed at the cost of the appellant.